**FILED**

OCT 31 2011

Clerk, U S. District & Bankruptcy
Courts fo, the District of Columbia

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Cassandra Duncan
138 Webster Street, NE
Washington, DC 20011,

           Plaintiff,

    v.

JC Christensen & Associates, Inc.
215 N Benton Drive
Sauk Rapids, MN 56379-1530,

           Defendants.

:
:

:
:

Case: 1:11-cv-01920
Assigned To : Walton, Reggie B.
Assign. Date : 10/31/2011
Description: General Civil



## COMPLAINT

For her Complaint, Plaintiff, Cassandra Duncan, by undersigned counsel, states as

follows:

## JURISDICTION

1.     This action arises out of Defendants violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., a consumer protection statute prohibiting

debt collectors from engaging in harassing, abusive, deceptive and unfair collection practices.

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1331.

3.     Jurisdiction over Plaintiff's claims sounding in violations of the District of

Columbia Consumer Protection Act ("DCCPA"), D.C. Code § 28-3814 arises under 28 U.S.C.

§ 1367(a).

4.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendants

transact business in the District and a substantial portion of the acts giving rise to this action

occurred in the District.

## PARTIES

5.       The Plaintiff, Cassandra Duncan ("Plaintiff"), is an adult individual residing in Washington, District of Columbia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.       The Defendant, JC Christensen & Associates, Inc. ("JCCA") is a Minnesota business entity with an address of 215 N Benton Drive, Sauk Rapids, Minnesota 56379-1530. As its principal business, JCCA regularly collects or attempts to collect debts owed, or due, or due or asserted to be due another.  As such, JCCA is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and D.C. Code § 28-3814(a)(3).

7.       Does 1-10 (the "Collectors") are individual collectors employed by JCCA and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.       JCCA at all times acted by and through one or more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.       The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.      The alleged Debt was incurred by the Plaintiff for personal reasons and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.      Thereafter, the Debt was purchased, assigned or transferred to JCCA for collection, or JCCA was employed by the Creditor to collect the Debt.

12.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  JCCA Engages in Harassing Debt Collection Tactics**

13.     Within the last year, JCCA began placing daily calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

14.     The Debt belongs to Plaintiff's ex-husband, James Duncan. Plaintiff is not a cosigner on the Debt.

15.     In response to Plaintiff explaining that she does not owe the Debt, JCCA has falsely insisted that she does.

16.     Plaintiff has repeatedly told JCCA that Mr. Duncan cannot be reached on her cellular telephone and has repeatedly requested that JCCA cease placing calls to her in an attempt to reach Mr. Duncan. Further, JCCA has confirmed that it has a working telephone number for Mr. Duncan.

17.     JCCA has continued to place calls to Plaintiff in a harassing manner despite her request that JCCA cease calls as she is not the debtor and she is not responsible for the debt.

**C.  Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

21.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

22.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants
contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged
in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in
connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused
a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to
annoy and harass.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants
employed false and deceptive means to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and
multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE DCCPA - D.C. Code § 28-3814

28.     The Plaintiffs incorporate by reference all of the above paragraphs of this
Complaint as though fully set forth herein at length.

29.     The Debt arose from a credit transaction for family, household or personal
purposes and meets the definition of "consumer credit sales" under D.C. Code § 28-3814(a)
(2001 ed., as amended).

4

30.     The Defendants are "debt collector[s]" as defined by D.C. Code § 28-3814(b)(3) (2001 ed., as amended).

31.     The Defendants' conduct violated D.C. Code § 28-3814(f)(5) (2001 ed., as amended), in that Defendants falsely represented or implied the character, extent, or amount of a debt against the Plaintiff, or of its status in any legal proceeding.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the District of Columbia Fair Debt Collection Practices Act, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1.     Against the named Defendants, jointly and severally, awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and D.C. Code § 28-3814(j)(1);

2.     Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of the Plaintiff's cost of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4.     Awarding the Plaintiff punitive damages against the named Defendants, jointly and severally, for their willful violations as is found appropriate pursuant to D.C. Code § 28-3814(j)(2); and

5.   Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 30, 2011

Respectfully submitted,

By: _____

Jody B. Burton, Esq.
Lemberg & Associates L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiffs